UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SUTTER SECURITIES, INCORPORATED,
BOUSTEAD SECURITIES, LLC, and SUTTER
SECURITIES CLEARING, LLC,

                Plaintiffs,

    -against-

JAMES MACKAY and CHELSEA MACKAY,

                Defendants.

------------------------------------------------------------------------x

**NOTICE**
**OF REMOVAL**

**Jury trial demanded**
**ECF case**

**Docket No.:**

PLEASE TAKE NOTICE that Defendants JAMES MACKAY and CHELSEA MACKAY, (collectively hereinafter "Defendants", or the "MacKays"), pursuant to 28 U.S.C. 1441, hereby remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court, Southern District of New York, respectfully showing this Honorable Court:

**FIRST:** On or about December 9, 2025, Plaintiffs, SUTTER SECURITIES INCORPORATED (hereinafter "Sutter Securities") and BOUSTEAD SECURITIES, LLC (hereinafter "Boustead") commenced this Action against the above-named Defendants in a civil action brought against them in the Supreme Court of the State of New York, County of New York. entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x

SUTTER SECURITIES, INCORPORATED, and
BOUSTEAD SECURITIES, LLC,

                Plaintiffs,

    -against-

JAMES MACKAY and CHELSEA MACKAY,

                Defendants.

------------------------------------------------------------------------x

Index No.: 656351/2025

(hereinafter "State Court Action").

On December 22, 2025, Counsel for Defendants agreed to accept service of the Summons and Complaint. On January 13, 2026, Defendants filed a Stipulation Extending Time to Answer granting Defendants until February 23, 2026 to answer or move against the Complaint. On January 13, 2026, Sutter Securities, Boustead, and SUTTER SECURITIES CLEARING, LLC (hereinafter "Sutter Clearing") filed the First Amended Complaint ("FAC"). Also on January 13, 2026, Plaintiffs filed Plaintiffs' Motion for Preliminary Injunction and supporting papers including Memorandum of Law in Support, Proposed Order to Show Cause, and Affirmation of Michael P. Richter. Copies of the Summons, Complaint, FAC, Stipulation Extending Time to Answer, and Motion for Preliminary Injunction and supporting papers, are annexed hereto as **Exhibit "A"** and made a part hereof.

Upon information and belief, the foregoing constitutes all process, pleadings, and orders allegedly served upon the parties in this action.

**SECOND:**    This is an action of civil nature in which the District Courts for the United States have been given original jurisdiction in that there exists diversity of citizenship between the Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00 exclusive of interests and costs. Accordingly, jurisdiction exists in the District Court of the United States as provided by 28 U.S.C. §1332.

**THIRD:**    Under the provision of 28 U.S.C. §1441, the right exists to remove this civil action from the Supreme Court of the State of New York, County of New York to the United States District Court for Southern District of New York, which embraces the place where this action is pending. In the FAC, Plaintiffs seek judgment providing money damages as a result of alleged breach by the Defendants of certain contractual documents, including a Subscription Agreement

2

and Investor Representation, pertaining to the sale of securities in a private placement offering. Plaintiffs also seek declaratory relief, seeking to enforce a forum selection clause and governing law clause contained in said documents.

**FOURTH:**    The action involves a controversy between citizens of different states. Plaintiff Sutter Securities is a California corporation organized under the Law of the State of California, with its principal place of business located at 6 Venture, Suite 395, Irvine, California 92618.

Plaintiff Boustead is a California limited liability company, with its principal place of business located at 6 Venture, Suite 395, Irvine, California 92618. Upon information and belief, Boustead's members are Lisa C. Roth, Lincoln J. Smith, and Keith Moore, who are all residents of the State of California.

Plaintiff Sutter Clearing is a Delaware limited liability company with its principal place of business located at 6 Venture, Suite 395, Irvine, California 92618. On information and belief, Sutter Clearing's members are Sutter Securities Group, Inc., Robert Lee Bull IV, and The Black Label Trust. Sutter Securities Group, Inc. is a Delaware corporation with its principal place of business located at 6 Venture, Suite 395, Irvine, California 92618. On information and belief, Mr. Bull is a resident of the state of New York. Defendants are unable, after diligent inquiry, to ascertain the citizenship of The Black Label Trust, whose trustees or beneficiaries are not publicly disclosed, but on information and belief, assert diversity jurisdiction consistent with authority permitting removal where citizenship cannot be definitively determined prior to FRCP 7.1 disclosures.

Defendants are residents of the State of Washington.

**FIFTH:**    Upon information and belief, the amount in controversy exceeds the $75,000.00 threshold. The FAC did not specify the amount of damages incurred because under

3

New York State CPLR § 3017, a plaintiff is not required to do so. Furthermore, because the Complaint seeks non-monetary declaratory relief, Defendants are entitled to assert the amount in controversy, pursuant to 28 U.S.C. 1446(c)(2)(A)(i).

**SIXTH:**     While Plaintiffs' claims are expressly denied by Defendants, if the Plaintiffs' allegations are proven, the claimed amount in controversy will exceed $75,000.00. Plaintiffs allege in the FAC that they have incurred and will continue to accrue damages allegedly resulting from defending a separate $5 million securities class action lawsuit brought by the MacKays, individually and as class representatives, against Sutter and Boustead and others in Oregon State Court.  Defendants filed that case in the Circuit Court for the State of Oregon for the County of Deschutes under Case No. 24CV51096. Accordingly, there exists original jurisdiction in the District Courts of the United States and provided under 28 U.S.C §1332.

**SEVENTH:**   The instant petition is being filed within 30 days of receipt of the Complaint by Defendants, in accordance with 28 U.S.C §1446(b). No party to this action will be prejudiced by removing the State Court Action as discovery has not begun.

**EIGHTH:**    By reason of the foregoing, the Defendants desire and are entitled to have this action removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, such being the district where this suit is pending.

**NINTH:**     Concurrent with the filing of service and petition for removal, Defendants are serving this petition for removal upon Plaintiffs' attorney and filing a copy of this petition for removal with the Clerk of the Court for the Supreme Court of the State of New York, County of New York.

**WHEREFORE**, Defendants, JAMES MACKAY and CHELSEA MACKAY, pray that the above-entitled Action, now pending against them in the Supreme Court of the State of New

4

York, County of New York, be removed from that Court to the United States District Court for the

Southern District of New York.

Dated:   Rye, New York
         January 14, 2026

                    Respectfully submitted,

                    **DORF NELSON & ZAUDERER, LLP**

                    *|s| William H. Gagas*
                    By:  William H. Gagas, Esq. SDNY No. (WG1919)
                    Attorneys for Defendants
                    JAMES MACKAY, and
                    CHELSEA MACKAY
                    555 Theodore Fremd Ave
                    Rye, New York 10580
                    (914) 381-7600

5

## CERTIFICATE OF SERVICE

I, William H. Gagas, Esq., attorney for defendants, James MacKay and Chelsea MacKay, affirm that the foregoing documents have been served on a all other parties in this case by electronically filing same through the NYS Court Electronic Filing ("NYSCEF") system and at the address designated for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York to the following persons:

FBT GIBBONS, LLP
Michael P. Richter, Esq.
Attorneys for Plaintiffs
1 Pennsylvania Plaza, Ste. 4515
New York, New York 10017
Tel: (914) 924-2938
Email: mrichter@fbtgibbons.com

Dated: January 14, 2026                                      /s/ William H. Gagas

                                                            William H. Gagas, Esq.

6